MEMORANDUM OPINION









 

 

 

 

 

 

 

 

 

 

MEMORANDUM OPINION

 

 

No. 04-06-00576-CR

                                                                                                                                 

James
E. PAGE,

Appellant

 

                                                                             v.                    

 

The STATE of Texas,

Appellee

 

From the 226th
Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CR-1163B

Honorable Sid L.
Harle, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Catherine
Stone, Justice

                        Karen
Angelini, Justice

                        Rebecca Simmons, Justice

 

Delivered and
Filed:  December 28, 2007

 

AFFIRMED 

 

 Appellant James Page was convicted of the offense of murder and sentenced to twenty
years confinement.  On appeal, Page asserts that the trial court erred in
allowing Crystal Landry to testify about statements allegedly made by Page in an
audio recording because (1) the recording was not offered into evidence in
accordance with the “Best Evidence Rule” and (2) Crystal’s testimony was
hearsay.  We affirm the judgment of the trial court.  

Factual Background

This case stems from a purported sale of twenty-five pounds
of marijuana to Andrew Thompson, the murder victim.  Vincent Martinez testified
that upon realizing that he would be unable to provide the twenty-five pounds
of marijuana, he and Page decided to rob and murder Thompson.  According to Martinez, the plan was for Martinez to lead Thompson to a secluded apartment complex where
Page would be waiting to shoot Thompson.  

There was testimony that Page visited Paul Landry after the robbery
and murder of Thompson and that Paul accidently recorded their conversation.  Crystal Landry, Paul’s wife, testified to what she heard on the recording.  Crystal explained that she was familiar with Page’s voice, from the multiple times he
called her house, and that she could identify his voice on the recording.  Crystal was not present when the recording was made and only heard the recording when Paul
played it for her.  Crystal testified that all she remembered from the
recording was Page talking about a gun and the gun being thrown into a body of
water or smashed under a rock.

Preservation of Error

Page
contends the court erred in admitting the testimony of Crystal based on lack of
best evidence and hearsay.  As an initial matter, the State contends that Page
failed to preserve error “because his argument on appeal does not comport with
the objection he made at trial.”  We agree.  

Page
states he preserved error through his counsel’s objections after opening
statements. Out of the presence of the jury, defense counsel complained that
the State had referenced the recording in its opening.  Defense counsel noted that
he had a motion in limine as to hearsay matters and made an objection as to
best evidence with regards to any testimony Crystal might offer about what she
heard in the audio recording.  

Defense
counsel’s initial objections regarding hearsay and best evidence cannot
preserve error because Page never obtained a ruling.  Further, a motion in
limine does not preserve error.  See Gonzales v. State, 685
S.W.2d 47, 50 (Tex. Crim. App. 1985) (stating “[f]or error to be preserved with
regard to the subject matter of the motion in limine it is absolutely necessary
that an objection be made at the time when the subject is raised during the
trial”).

The
trial court did not make a ruling but noted it would take it up at another
time.  Two days later, when Crystal was ultimately called to testify, no
hearsay or best evidence objection was made immediately preceding her
testimony.  Rather, as shown below the objection focuses on reliability.  Immediately
prior to Crystal’s direct examination, the State made an offer of proof outside
the presence of the jury.  After the State’s offer and cross-examination, Page
made the following objections:  

[Defense]:       If
she could remember exactly what was said, that may get close to being
admissible.  The CD was never found.  It was never available to the Defense to
examine.  She was not present when the conversation was held.  Her own
testimony is that she does not remember exactly what was said.  This is a
recall of a paraphrased statement.  It doesn’t accurately inform the jury of what
was said exactly on that tape.  

 

            Also,
there is evidence already present that my client had told Paul Landry that he
was, in fact, the person that shot Andrew Thompson.  Mr. Landry’s available,
who was present when that conversation was held, the person that recorded that
conversation.  

 

            I would
object that it’s not sufficiently reliable for her to testify because she does
not recall the exact words said, that it would be repetitious to - - of course,
the objection is no good any more, bolstering, and I clearly don’t think it’s
admissible, Judge.  

 

. . . . 

 

The Court:       Well,
I think we’ve already heard about it.  It’s been discussed in the opening
statements.  Mr. Page talked about it already.  This guy apparently is going
to, who actually made the recording, discuss it.  I think her recollection –
the objection goes to the weight and not the admissibility, so I’m going to
overrule the objection and she can testify to what she recalls and you can make
hay on cross-examination.  

 

Page’s
objections appear to be lack of reliability, bolstering, and repetitious.  The
trial court correctly interpreted Page’s complaints to be based on Crystal’s inability to recall the event or conversation.  Accordingly, Page failed to
preserve error based on best evidence and hearsay grounds.  Tex. R. App. P. 33.1.  

Harm Analysis

Alternatively,
assuming Page preserved error and the trial court abused its discretion, any
resulting error in admitting Crystal’s testimony does not constitute reversible
error.  In relevant part, Crystal testified that she could not recall anything
other than Page talking about putting a gun by a body of water or smashed under
a rock.   

We
disregard a nonconstitutional error unless it affects a substantial right.  Tex. R. App. P. 44.2(b).  The erroneous
admission of evidence does not affect substantial rights if, after examining
the record as a whole, we have a fair assurance that the error did not
influence the jury, or had but a slight effect.  Motilla v. State, 78
S.W.3d 352, 355 (Tex. Crim. App. 2002).  

Crystal testified after Paul Landry and Martinez.  Martinez testified that when he arrived
at the apartment complex, he left Thompson and pretended to go up to an
apartment.  Martinez stated that he went to a random apartment and waited about
ten minutes until he heard gunshots.  Martinez stated that he did not see Page
shoot Thompson but when he met up with Page later, Page was sweating and
nervous and admitted that he shot and killed Thompson.  Some time thereafter, Martinez and Page went to Paul Landry’s home.  There, Martinez stated Page “confessed to
Paul . . . what we had done.”  

Paul
provided a written statement during the investigation wherein he states that he
accidentally recorded his conversation with Page and transferred the recording
to a compact disk (CD).  At trial, Paul testified that he did not remember
making a recording of his conversation with Page.  Although Paul testified that
he did not recall most of the events, his written statement was read to the
jury.  In his statement, Paul said that Page described the robbery and murder
of Thompson, including how Page shot Thompson.  Paul’s statement was generally
consistent with Martinez’s testimony about the robbery and murder of Thompson. 


While
Page questions the credibility of Paul and Martinez and claims Crystal was the
only credible witness, Crystal’s testimony was of minimal value.  She testified
about Page describing how one or possibly more than one person disposed of a
gun.  At best, Crystal could only state that her impression was that Page
participated in disposing of a gun.  Combining Paul’s and Martinez’s testimony,
and in reviewing the entire record, we cannot say the trial court’s error, if
any, had a substantial and injurious effect or influence on the jury’s verdict. 
Accordingly, Page’s issues on appeal are overruled.  

Conclusion

Because
Page failed to preserve error and in the alternative, we are unable to conclude
that the admission of the contested evidence constitutes reversible error, we
affirm the judgment of the trial court.  

 

Rebecca Simmons, Justice

 

 

Do Not Publish